BRENDEL *v.* HANSEN.[1]

Wills—Life Estate—Remainders.

    Under a will giving to testator's wife "the use, profit, income, and enjoyment" of all his property during her lifetime, appointing her as executrix, with power to sell and convey or mortgage the real estate, but providing that, on her death, the whole of the property, including the proceeds of sales of real estate, shall go to testator's children, the wife does not take an absolute estate, and at her death the children are entitled to the property.

---

[1] Rehearing denied November 4, 1901.

Appeal from Wayne; Donovan, J.   Submitted January 10, 1901.   Decided July 10, 1901.

Bill by Eleonora Brendel and Lina Krapp against Ella Hansen, Gesina Ronnefeld, and the Home Savings Bank of Detroit for an accounting and an injunction.   From a decree for complainants, defendant Hansen appeals.   Affirmed.

*William E. Henze,* for complainants.

*Thomas A. E. Weadock,* for appellant.

LONG, J.   Theodore Ronnefeld died June 6, 1888, leaving surviving him a widow, Gesina Ronnefeld, and two daughters, complainants here, children by his first wife. Ella ( Arabella ) Hansen was his niece.   He left an estate valued at about $25,000, consisting of about $11,000 of personal property and $14,000 in real estate. His last will and testament contained three clauses the provisions of which are the only ones that need be considered in determining the questions involved in the present controversy, as follows:

"*Second.* I do hereby give, bequeath, and devise unto my beloved wife, Gesina Ronnefeld, of the city of Detroit, county of Wayne, and State of Michigan, for and during the term of her natural life, the use, profit, income, and enjoyment of all the rest and residue of all my property, real, personal, and mixed, of every nature whatsoever, and wherever situate, of which I shall die seised or possessed, or to which I shall be entitled at the time of my decease: *Provided,* however, and I do hereby order, that my said wife, out of the income from such rest and residue of my estate, shall support, as much as in her power, my daughters, Martha Eleonora Brendel and Lina Bertha Ronnefeld, and my niece, Arabella Hansen, while they are unmarried or widows, and have no other means for their support.

"*Third.* Upon the decease of my said wife, Gesina Ronnefeld, I do hereby give, grant, bequeath, and devise unto my two daughters, Martha Eleonora Brendel and Lina Bertha Ronnefeld, the whole of my estate, real, per-

sonal, and mixed, including the proceeds from sales of my real estate, together with the use and income thereof, from and after the decease of my said wife (excepting said life insurance, hereinbefore otherwise disposed of), to be equally divided between my said two daughters, Martha Eleonora Brendel and Lina Bertha Ronnefeld, share and share alike; and to have and to hold the same unto them, their respective heirs and assigns, forever. If, however, at the time of the decease of my said wife, Gesina Ronnefeld, one of my above-named daughters shall be dead, leaving no issue then living, then, and in that case, I give, grant, bequeath, and devise the whole of my said estate and the income thereof unto my surviving daughter, for herself, her heirs and assigns. And if at the time of the decease of my said wife, Gesina Ronnefeld, both of my said daughters are dead, leaving no issue then living, then, and in that case, I give, grant, bequeath, and devise the whole of my said estate and the income thereof unto my sister, Clara Kittel, wife of school director Friedrich Kittel, of Glauchau, of the kingdom of Saxony, Germany, for herself, her heirs and assigns.

"*Fourth.* I do hereby appoint and nominate my said wife, Gesina Ronnefeld, of the city of Detroit, county of Wayne, and State of Michigan, executrix of this, my last will and testament, hereby giving and granting unto her the absolute right and full power and authority at any time to sell and convey in fee simple or mortgage any or all of my real estate, and to give proper deeds and conveyances or mortgages for the same by virtue of the power hereby granted, and hereby requesting the judge of probate to demand of her only such bond as, in his judgment, shall be necessary for the proper execution hereof."

The widow filed her bond, and took charge of the estate. She kept the family together after the death of her husband.

Some time in 1899 a dispute arose between the parties as to the use the widow was making of the property, moneys, and effects of the estate, and an application was made to the probate court by Eleonora Brendel asking the removal of Gesina Ronnefeld as executrix, and to have an administrator *de bonis non* appointed in her place. Following that, and some time in November, 1899, the bill in

the present case was filed, in which it is charged that Gesina Ronnefeld has never settled said estate; that by reason of mental and physical infirmity she has been unable for five years past personally to manage the affairs of said estate, and has intrusted the management of it to defendant Ella Hansen; that for 20 years last past Ella Hansen has lived with Gesina Ronnefeld, and has acquired great influence over her; and by fraudulent practices, and with intent to cheat and defraud complainants of their just share of said, estate, said Ella Hansen has succeeded in getting possession of moneys and other property belonging to said estate to the amount of $10,000. By an amendment to said bill it is further charged in said paragraph that said Ella Hansen has converted a large amount of moneys and property to her own use by depositing such moneys in various savings banks in the city of Detroit, subject to her order, and has wasted and lost a large portion of the moneys belonging to said estate, amounting to at least $4,000, by placing the same in the hands of her attorney, William Look, for safe-keeping or investing or as a loan; and it is further charged on information and belief that said Look is indebted to various persons and estates, whose moneys had been intrusted to him, to the amount of at least $20,000, and that said Look has no means, income, or property whatever, and that all moneys placed in his hands by said Ella Hansen are lost. It is further charged that Ella Hansen is also financially irresponsible; also, that a large amount of money has been deposited by Ella Hansen with the defendant the Home Savings Bank of Detroit, partly in her name and partly in the name of Gesina Ronnefeld. The bill asks the appointment of a trustee to take charge of said estate, and also an injunction restraining Gesina Ronnefeld and Ella Hansen and the Home Savings Bank from disposing of said moneys.

The defendants filed separate answers to the bill. Gesina Ronnefeld admits in her answer that, after the payment of the debts and funeral expenses of her husband, there

remained personal estate of the value of $7,262.72, and real estate valued at $14,600; but she insists by the answer that, upon the payment of the debts, funeral charges, and expenses of administration, the entire property left by the deceased, both real and personal, became and was her sole and absolute property.

The Home Savings Bank, by its answer, admits that in March, 1892, Gesina Ronnefeld opened a deposit with it of $300, and that subsequent deposits were made by her to the amount of $5,939.81; that the balance on deposit, amounting to $3,914.81, was withdrawn August 25, 1899, the account closed, and on the same day defendant Ella Hansen opened an account with said defendant, amounting to $3,839.81, from which account nothing has been withdrawn, but to which no deposits have been made; that on May 3, 1892, Ella Hansen also opened an account with said defendant in the sum of $2,214.37; that the total deposits in said account have been $3,574,39, and withdrawn the sum of $3,450, leaving a balance of $124.39; that the accounts so opened by said Gesina Ronnefeld and Ella Hansen still stand as personal accounts; and that defendants did not represent themselves to the defendant bank as acting in any representative capacity whatever.

Defendant Ella Hansen, in her answer, also alleges that the moneys and property of the estate, after payment of the debts and funeral expenses, vested in and became the absolute property of Gesina Ronnefeld. She denies that any moneys of the estate have been deposited with William Look, or that he is indebted in the amount stated in the bill. She also denies the right of complainants to have matters not material to this case investigated or tried in the case; denies also that complainants are entitled to any further or other answer to matters and things charged in paragraph 5 of the bill. She denies that any money belonging to the estate, or in which the complainants have any interest, has been deposited with the Home Savings Bank.

Gesina Ronnefeld died April 26, 1900, and the court

below made and entered a decree in favor of complainants the following day.   The decree provides:  ·

*First.* That the complainants, the children of the deceased, Theodore Ronnefeld, are entitled to the fee of all the real estate and to the whole of the personal estate, subject to the life estate and interest of Gesina Ronnefeld. .

*Second.* That the defendant the Home Savings Bank pay over to complainants, or their solicitor, all the moneys deposited in the bank in the name of Ella Hansen; and that said Ella Hansen, her agents, attorneys, and solicitors, turn over to the complainants, or their solicitor, all the stocks, bonds, notes, mortgages, claims, and demands belonging to said estate now in their possession.

*Third.* That the defendant Ella Hansen render a full and true account of all moneys, credits, chattels, and effects belonging to said estate received by her, and in her possession or custody, over and above the money in said Home Savings Bank, and pay over to said complainants the amount found to be due said complainants on such accounting.

*Fourth.* That the cause be referred to a circuit court commissioner to take such account; and that, if said Ella Hansen neglect or refuse to render such account within 10 days after service upon her or her solicitor of a copy of said decree, that this decree stand as a personal decree against her for the sum of $7,862.72, belonging to the estate of the deceased according to the administration account of Gesina Ronnefeld, allowed by the probate court on February 18, 1890, after deducting from said sum the moneys paid over to complainants by said Home Savings Bank in pursuance of this decree.

Defendant Ella Hansen has appealed.   It is contended by her counsel that under this will the widow became the absolute owner of all the estate of the testator after the payment of debts, funeral expenses, and expenses of administration.   We think the will cannot have such construction.   By such a construction the testator's children would be absolutely disinherited.   It is evident from a reading of the will that he intended his widow should have the use and income of the estate, but charged upon that use and income the care of the two daughters and Ella Han-

127 MICH.—26.

sen, who was a niece of testator, and an inmate of the family; and that, at the death of the widow, his daughters, if living, should have and receive all the remainder of the estate. The widow died before the entry of the decree below, and we think the court very properly held that the daughters were entitled to the whole of the estate at her decease. We are satisfied from the testimony that the court was not in error in decreeing that the moneys deposited in the Home Savings Bank in the name of Ella Hansen belonged to, and were a part of, the estate of the deceased, Ronnefeld; nor was the court in error, we think, in the decree made requiring Ella Hansen to account for all moneys in her hands belonging to said estate. It is wholly unnecessary to set out the evidence here upon which we base our conclusions.

The decree below must be affirmed, with costs.

MONTGOMERY, C. J., MOORE and GRANT, JJ., concurred. HOOKER, J., did not sit.